# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**LISSETTE ROSA VARGAS, et als.,**
Plaintiffs,

v.                                                                          **CIVIL NO.: 05-1245(DRD)**

**REPARTO SAMAN, INC., et als.,**
Defendants

## **ORDER**

  The instant case is a Civil Rights action instituted on March 4, 2005 pursuant to Title VII, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a, and 1988; Puerto Rico Law No. 17 of April 22, 1988; Law No. 100 of June 30, 1959; Law 69 of July 6, 1985; and Law No. 80 of May 30, 1976. Through said complaint, Lissettte Rosa Vargas, Arnold Irizarry, and the Conjugal Partnership constituted by them ("plaintiffs"), seek redress for Reparto Saman, Inc., J.J. Alvarez, Inc., Jose Juan Alvarez, personally, Frank Lozada Diaz, and John and Jane Doe's ("defendants") alleged sexual discrimination and wrongful discharge. Plaintiffs request indemnification through equitable relief, compensatory, double, and punitive damages, costs and reasonable attorney's fees. *See Complaint*, Docket No. 1.

  It is evident from the record that defendants were obligated to file with the Court their answer to the complaint on or before Thursday, June 9th, 2005. (Docket Nos. 4-7). However, defendants, did not answer the complaint or otherwise plead by said date. **Quite untimely**, on June 13, 2005, defendant Jose Juan Alvarez, **instead of providing an explanation for their blatant failure to comply with Fed.R.Civ.P. 12(a)(1)(A), they simply requested an extension of time to file their answer or otherwise plead.** The Court, regardless of the untimeliness of said request, instead of entering default against all defendants, gratuitously granted defendants until Monday, June 27, 2005 to file an answer or otherwise plead, but not without first warning defendants that failure to do so would necessarily result in the entering of default against them. (Docket No. 10). Defendant Jose Juan Alvarez, thus, on June 27, 2005 **at 8:39 in the evening** filed a request for a more definite statement pursuant to Fed.R.Civ.P. 12(e).

  Fed.R.Civ.P. 12(e) provides that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." *See also* Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 72-73 (1st Cir. 2000). Moreover, a more definite statement has been understood to be necessary **only** when the pleading is, in fact, so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself. *See* Guilbeault v. R.J. Reynolds Tobacco Co., 41 Fed. R. Serv. 3d 575 (D.N.H. 1998); Delta Educ., Inc. V. Langlois, 719 F.Supp. 42, 50 (D.N.H. 1989). Furthermore, Rule 12(e) is designed to strike unintelligibility rather than lack of detail. Therefore, said request

may be granted when a party is unable to determine the issues he must meet.  *See* Cox v. Maine Maritime Academy, 122 F.R.D. 115, 116 (D.Me. 1988).

The courts have established that the federal rules employ the concept of **notice pleading**. *See* Fed.R.Civ.P. 8.  Accordingly, motions for more definite statements are not favored and are granted sparingly since it is not to be used as a subsstitute for discovery trial preparation, but only when a pleading is too general.  *See* Gulbeault, supra; Town of Hooksett School Dist. v. W.R. Grace & Co., 617 F.Supp. 126, 135 (D.N.H. 1984).  Thus, when addressing a motion for a more definite statement, the court must review the complaint guided not by the narrow question of whether it contains facts that, if true, could satisfy every element of a claim, but rather by the broader question of whether the complaint contains enough information to put defendants on notice of the nature of plaintiffs' claims.  *See* Greenier v. Pace. Local No. 1188, 201 F.Supp.2d 172, 177 (D.Me. 2002).  Finally, while defendants may prefer highly detailed factual allegations, a generalized statement of fact is more than sufficient when it give the defendant sufficient notice to file a responsive pleading.  *See* Langadinos, 199 F.3d at 72-73.

In his motion, defendant Jose Juan Alvarez argues that plaintiffs have not given notice specifically to each defendant as to the nature of each defendant's liability, and who were the named defendants in the complaint filed in the EEOC.  However, upon review of the complaint, the Court finds that it more than sufficiently meets Rule 8's notice pleading requirements, thus containing enough information as to the causes of action and how they relate to the defendants in the instant case to put **all** defendants on notice as to the nature of the claims.  Nothing more is required under the Federal Rules.  In this same manner, having defendants filed their motion for extension of time only **after** their time to file an answer or otherwise plead had elapsed and filed the now pending motion on the verge of the new deadline extraordinarily granted by the Court's expiration, the Court can only conclude that the now pending request is a mere and unsatisfactory excuse by defendants to prolong their obligation to file an answer to the complaint.  Accordingly, defendant Jose Juan Alvarez's motion for a more definite statement is **DENIED**.  Defendants are **ORDERED** to answer the complaint **ON OR BEFORE FRIDAY, JULY 29TH, 2005 AT NOON (12:00P.M.)**.  **NO EXTENSIONS WILL BE GRANTED.** Should defendants fail to comply with this extraordinarily gratuitously extended deadline, **plaintiffs shall move for entry of default forthwith**.  The defendants are forewarned that the Court shall keep an eagle eye on further delay tactics of this nature.

**IT IS SO ORDERED.**

Date: July 21, 2005                                                             s/ Daniel R. Dominguez
                                                                                              **DANIEL R. DOMINGUEZ**
                                                                                              **U.S. DISTRICT JUDGE**